IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-376 |
| | ) |
| TROY MARTIN | ) |

**MEMORANDUM ORDER**

On April 27, 2023, Defendant pled guilty to Count Two of the Indictment in this case, charging him with possession of firearms and ammunition by a convicted of felon, in violation of 18 U.S.C. § 922(g)(1). (Docket Nos. 121, 123). He was sentenced on that same date to time served (which equated to 56 months' incarceration) followed by a term of three years' supervised release. (Docket Nos. 121, 125). Defendant's term of supervision then commenced on April 27, 2023.

On April 24, 2025, the Probation Office filed a Petition for Warrant or Summons for Person Under Supervision alleging eight violations of Defendant's conditions of supervised release, including violations of unlawful drug possession and use and violations of state law (the "Violation Petition"). (Docket No. 140). Consequently, the Court issued an arrest warrant. Following Defendant's apprehension and initial proceedings on the Violation Petition, and after consulting with counsel for the parties, the Court scheduled a supervised release violation hearing on May 30, 2025. (Docket Nos. 144-147). On May 27, 2025, the defense moved to continue the supervised release violation hearing, which the Court granted and rescheduled on June 9, 2025. (Docket Nos. 150, 151).

On June 5, 2025, Defendant filed the pending Motion to Dismiss Petition for Warrant or Summons For Person Under Supervision and Request for Modification. (Docket No. 154). The

1

Court then entered a briefing order on the Motion, cancelled the supervised release violation hearing scheduled on June 9th, and indicated that a hearing would be rescheduled by further Order of Court as necessary. (Docket No. 155). The Government filed a Response opposing Defendant's Motion. (Docket No. 156). Defendant did not file a Reply by the established deadline of June 30, 2025, (*see* Docket No. 155), thus the Motion is now ripe for disposition.

Although Defendant's Motion seeks dismissal of the Violation Petition, he fails to specify any reason why it should be dismissed, and he further fails to provide any legal authority to support such an outcome. Rather, Defendant's arguments pertain to the appropriate sanction the Court should impose if the alleged violations are established. To that end, after summarizing the contents of the Violation Petition, including his alleged unlawful drug possession and use, Defendant submits that he "continues to only need to complete the outpatient assessment which would only require this Court to modify his conditions of supervised release." (Docket No. 154, ¶ 19). According to Defendant, given that the majority of his violations pre-date his attendance at a residential inpatient drug treatment program in August 2024,[1] and that he has not had substance abuse issues since that time, the Court should modify his supervised release conditions to require additional substance abuse treatment. (*Id.*, ¶¶ 13, 20, 22, 23). Defendant's arguments make clear that he is advocating for modification, as opposed to revocation, if the Court finds that he violated his supervised release

---

[1] Defendant states that, despite four positive drug tests in less than eight months in 2023, the Probation Office did not file a violation petition and seek revocation of supervised release at that time. (Docket No. 154, ¶ 8). The Court does not construe this or any other statement in Defendant's Motion as alleging a due process violation because Defendant does not contend that the Probation Office willfully delayed filing the Violation Petition in order to gain an advantage, nor does he claim that he has been prejudiced in any way. *See, e.g., United States v. Brown*, 458 F. Supp. 49, 52 (E.D. Pa 1978) (finding that delay in filing probation revocation petition, even though Government was aware of conduct allegedly constituting violation as much as 17 months prior to filing petition, did not violate the defendant's right to due process where he failed to allege or demonstrate that Government willfully delayed instituting revocation proceedings in order to gain advantage and the defendant made no showing that he was prejudiced); *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994) (delay in executing violation warrant does not violate a defendant's due process rights unless it "undermines his ability to contest the issue of the violation or to proffer mitigating evidence").

conditions. Defendant's Motion does not advance any basis for the Court to dismiss the Violation Petition, and the Court discerns none. Accordingly, to the extent Defendant seeks dismissal of the Violation Petition, that request will be denied. To the extent Defendant seeks modification of his supervised release conditions, that request will be denied without prejudice. Should the Court find that Defendant violated any of his conditions at the hearing that is now scheduled to occur on July 22, 2025, (*see* Docket No. 157), Defendant may argue for imposition of an appropriate sanction at that time.

Accordingly, based on the foregoing, the Court enters the following Order:

AND NOW, this 10th day of July, 2025, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Petition for Warrant or Summons For Person Under Supervision and Request for Modification, (Docket No. 154), is DENIED as to Defendant's request to dismiss the Violation Petition, and it is DENIED WITHOUT PREJUDICE as to his request for modification.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

United States Probation